A05A0263. THE STATE v. PARKS.
(616 SE2d 456)

SMITH, Presiding Judge.

The State appeals the trial court's grant of Michael Lonnie Parks's motion to suppress statements he gave to police. Because the trial court erred in concluding that Parks was in custody at the time he gave the statements, we reverse.

> In determining whether a suspect was in custody for *Miranda* purposes, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. The ultimate inquiry is a mixed question of law and fact. . . .

[I]n making this determination, the court must first ascertain the circumstances surrounding the interrogation. This is a purely factual determination and receives deferential review on appeal. Second, given those circumstances, the court then must determine if a reasonable person would have believed he or she was not at liberty to terminate the interrogation and leave. This inquiry calls for application of the controlling legal standard to the historical facts.

(Citations and punctuation omitted.) *State v. Wintker*, 223 Ga. App. 65, 66 (476 SE2d 835) (1996).

In this case, a police detective was the only witness to testify on the motion to suppress. According to her account, the Gwinnett County police were investigating two reports that children had seen a white male masturbating in a vehicle. A witness reported the license number, which was traced to Parks. Officers visited Parks at his home and invited him to come to the police station to give a statement. He accepted and followed the officers to the station in his own car. He met with two detectives in a second-floor interview room with a door that could not be locked, although access to the department offices (but not the elevator to the second floor on weekdays) was limited by card key.

The interview between Parks and the detectives was videotaped. During the interview, he was told several times that he was not under arrest and that he was free to leave. Parks never attempted to leave or to stop the interview. After Parks made certain statements during the interview, the detectives left the room, conferred, and concluded that they had probable cause to arrest Parks. They reentered the interview room, informed Parks that he was under arrest, and read him his *Miranda* warnings. Parks declined to speak further with police and requested a lawyer.

Custody does not occur because questioning takes place in a building containing jail cells. Custody does not occur because a person is interrogated as the prime suspect in a crime. In addition, custody does not necessarily occur even when police question a suspect after having established probable cause for arrest and with the secret intention of charging the suspect at a future time.

(Citations and footnotes omitted.) *Taylor v. State*, 259 Ga. App. 457, 459 (1) (576 SE2d 916) (2003).

As the State notes, at the hearing on the motion to suppress the trial court expressed its concern about the use of deception by the

police officers during the interview, because one officer may have told Parks that the victims had picked him out of a lineup. The trial court appeared to believe that deception was only permitted "after *Miranda*" and that the police should have given Parks warnings before using deception to question him. But

> use of trickery to obtain a confession does not render the confession inadmissible so long as the means employed are not calculated to procure an untrue statement. And absent any evidence that the police investigative techniques were designed to induce the slightest hope of benefit or fear of injury, the resulting statements are not rendered involuntary and inadmissible under OCGA § 24-3-50.

(Citations and punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 789 (8) (493 SE2d 157) (1997). More importantly, the use of trickery or deception does not bear on the issue of whether Parks was in custody or reasonably believed himself to be in custody. See *Richardson v. State*, 265 Ga. App. 711, 713 (1) (595 SE2d 565) (2004). Rather, trickery may compromise the *voluntariness* of a statement if it constitutes "the slightest hope of benefit or remotest fear of injury." (Citations, punctuation and footnote omitted.) Id. at 715 (1). In *Richardson*, we held that the appellant was not in custody for purposes of *Miranda*, id. at 713, but disapproved the interviewing officer's suggestion to appellant that he would not be arrested and charged based on " 'how the interview went.' " Id. at 714. We held this to be a forbidden false hope of benefit because the decision to arrest had already been made. Id. at 715.

Here, in contrast, the officer testified specifically that Parks was not told that whether he was arrested would depend on the interview, but that "he was free to go, period." The trial court suppressed the statement because it concluded that Parks was "in custody" at the time. The order is silent as to the reasons for concluding that Parks was in custody, but the trial court's comments during the hearing appear to indicate a belief that deception or trickery employed by the officers during the interview required the application of *Miranda*. This was an error of law.

The trial court's grant of Parks's motion to suppress was unsupported by the evidence in the record or the law. We therefore must reverse.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED MAY 20, 2005 —
RECONSIDERATION DENIED JUNE 16, 2005 — 

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney,* for appellant.
*Kristopher Shepherd,* for appellee.